UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-636-H

MARY RIEHL                                                          PLAINTIFF

V.

THE HARTFORD,                                                      DEFENDANT
AKA HARTFORD COMPREHENSIVE
EMPLOYEE BENEFITS SERVICE CO.

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed this action following Defendant's denial of Plaintiff's request for employee

short-term disability ("STD") benefits. Before the Court is Plaintiff's Motion for Judgment on

the Pleadings; Defendant has responded and requests that all claims against it be dismissed. The

Court has discussed the case at length with counsel at a conference. For the reasons that follow,

the Court will deny Plaintiff's Motion for Judgment on the Pleadings and grant Defendant's

request to dismiss all claims.

I.

Plaintiff asserts that she is disabled by a myriad of diseases and deficiencies including

fibromyalgia, declining IQ, hypermobility syndrome, pinched nerve, bulging disc, Epstein-Bbarr

disease, Multiple Sclerosis, and depression. She also claims to be afflicted by "losses of time,"

sporadic episodes during consciousness after which Plaintiff cannot recall or account for the

passage of time.

Plaintiff was employed by Marsh & McLennan Companies, Inc. ("Marsh") as a Help

Desk Analyst until March 15, 2010, when she fainted at work, left, and then never returned. Her

occupation was primarily sedentary and required using a computer, communicating verbally, and

traveling occasionally by both automobile and airplane.

Two weeks after fainting at work, Plaintiff submitted an application for STD benefits. Defendant, the claims evaluator for Marsh, denied Plaintiff's claim on May 10, 2010. Riehl timely appealed the decision and supplemented her application with new information supporting her claim. In August, Defendant completed its review and affirmed its denial.

## II.

The Court reviews a denial of an employee's disability-benefits claim under the arbitrary-and-capricious standard. Plaintiff alleges that because Defendant is both the payor and evaluator of disability benefits for Marsh, a higher standard is warranted. The Plaintiff has not supported this conclusion with any evidence or specific factual allegations.[1] Furthermore, the Sixth Circuit expressly disagrees and has held that the solution to such a conflict of interest "is not to alter the degree of deference granted under the arbitrary and capricious standard." *Kalish v. Liberty Mut./Liberty Life Assurance Co*, 419 F.3d 501, 506 (6th Cir. 2005). Thus, the Court will not apply a more stringent standard of review.

The arbitrary-and-capricious standard, deferential as it may be, "is more than a 'mere formality' or 'rubber stamp.'" *O'Callaghan v. SPX Corp.*, Nos. 10-1006, 10-1190, 2011 WL 4435590, at *3 (6th Cir. Sept. 26, 2011) (quoting *Glenn v. MetLife*, 461 F.3d 660, 666 (6th Cir. 2006)). A "plan administrator's decision must be the result of a 'deliberate, principled reasoning process' and must be 'supported by substantial evidence.'" *Id.* (citation omitted). To determine whether this standard is met, the Court is "required to review the quality and quantity of the

---

[1] In fact, according to Defendant, Marsh is actually the payor under a self-funded plan. The identity of the payor is not important to the result here.

medical evidence and the opinions on both sides of the issues." *Id.* (internal quotation marks and citation omitted).

III.

A threshold matter concerns whether Plaintiff can adjudicate a claim for long-term disability ("LTD") benefits in this case. Plaintiff asserts an LTD claim now in conjunction with her STD appeal and asks the Court to consider them together. Ordinarily, plaintiffs must exhaust administrative remedies prior to seeking judicial review. However, administrative exhaustion applies at the discretion of the Court and may be set aside where such attempts would be futile. *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 418 (6th Cir. 1998). Defendant says that for a variety of reasons she cannot make such a claim here. The Court will address this issue now.

In *Fallick*, the Sixth Circuit recognized that "a court is obliged to exercise its discretion to excuse nonexhaustion where resorting to the plan's administrative procedure would simply be futile or the remedy inadequate." *Id.* at 419 (citations omitted). Determination of whether resorting to administrative remedies would be futile depends upon "whether a clear and positive indication of futility can be made." *Id.* (citations omitted). To do so, "[a] plaintiff must show that 'it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision." *Id.* (citations omitted). Here, Plaintiff appears to argue that her LTD claim should be heard with her STD claim because "Hartford is the plan administrator and paying party on both claims. Thus, it would be futile to bring an LTD administrative action seeing that it would include the same evidence Hartford used to deny the STD."

The Court does not agree that the futility exception can operate to excuse exhaustion here. First, the Court is not convinced that Plaintiff made proper attempts to file an LTD claim.

3

Second, even though Marsh may be the payor on both STD and LTD claims, the instant

Defendant is not the LTD plan administrator.  Third, for a variety of reasons, the results of an

LTD claim may be different than that for an STD claim.  And, finally, the Court sees no reason

why Plaintiff could not file a proper LTD claim and proceed through the regular administrative

process.  Plaintiff cites to no binding, identifiable case law in support of her particular argument

that this Court should consider her LTD claims.[2]  While the Court recognizes the exception,

Plaintiff does not prove how she falls within it.  Plaintiff does not explain how the adjudication

of both an STD claim and LTD claim are justified without requiring administrative exhaustion.

Finally, Plaintiff fails to present an argument entitling her to LTD benefits.[3]  For all of these

reasons, Plaintiff's argument fails, and the Court will decide only Plaintiff's claim for STD

benefits.

IV.

The STD Plan in question requires employees suffer from a "serious health condition,"

which is defined as one whereby an employee is "unable to continuously perform the substantial

and material duties of his/her present occupation . . . ."

The administrative record includes conflicting accounts of Plaintiff's medical condition.

Dr. Head, who began seeing Plaintiff in April 2009, lists "fibromyalgia" as his "impression" but

does not state that Plaintiff's condition disables her from performing her job duties.

---

[2]Plaintiff cites to one Third Circuit Court of Appeals case and a string of other cases, identified only by one word of a single party's name in each instance.  Without more, the Court is unable to identify what particular support Plaintiff relies upon for its argument.  Accordingly, Plaintiff's argument appears meritless.  Nonetheless, the Court has attempted to address Plaintiff's contention based on what little has been presented.

[3]In Plaintiff's words, "the STD and LTD are in play, if in fact, there is LTD in effect."  The Court finds it difficult to analyze Plaintiff's arguments without support beyond this for its position.

Furthermore, Dr. Head's reports do not reveal what test results or other objective criteria upon which his conclusions are based. In a letter written to "Whom It May Concern" in January of 2010, Dr. Head explains that while Plaintiff has complained of multiple symptoms, "the lack of a definitive diagnosis" makes it difficult to assess "whether she is truly disabled." In a follow-up letter, Dr. Head opines that Plaintiff suffers with fibromyalgia. While fibromyalgia can be functionally incapacitating at its more severe stages, Dr. Head does not indicate that Plaintiff is disabled. Rather, he expresses hope that his treatment plan will alleviate her symptoms, allowing her to work.

Plaintiff began visiting Dr. Alt in January of 2010. Although Dr. Alt notes Plaintiff's numerous complaints and symptoms, he also indicates that her vital signs, mental status (including attention span and ability to retain information), motor skills, reflexes, and sensation all tested normal. Plaintiff also underwent an electroencephalogram ("EEG") which measured normal during both wakefulness and sleep. Dr. Alt's final assessment of Plaintiff lists memory loss, loss of time, fatigue, and myalgias.

Similarly, Dr. Stern began treating Plaintiff in early 2010 and performed a series of lab tests, all of which produced normal results. Dr. Stern remarked in his notes that Plaintiff was very frustrated as she felt like something was wrong that just could not be identified. Aside from Plaintiff's own account of her symptoms, Dr. Stern's analyses provide no indication whatsoever that Plaintiff was unable to work.

Finally, Dr. Baird, who treated Plaintiff beginning in June of 2010, three months after she stopped working, is the only doctor who concluded that Plaintiff was totally disabled. Dr. Baird concluded that Plaintiff suffered from fibromyalgia and hypermobility symptoms. Studying his

deposition, however, the Court understands why Defendant discredited his findings on appeal. Namely, Dr. Baird's conclusion rests primarily on the Plaintiff's own account of her condition. The conclusion that she is totally disabled is contradicted by every other doctor who either treated her or independently reviewed her medical file.

As articulated in its letter dated August 19, 2010, Defendant reviewed all of these reports as part of Plaintiff's appeal. The letter states, and correctly so, that only one doctor concluded that Plaintiff was unable to work. Defendant also consulted with two doctors who reviewed Plaintiff's file on appeal. Both opined that Plaintiff's disability claim was unsupported and rightfully denied after reviewing her medical records and contacting each of her treating doctors.

For several reasons, Defendant's ultimate decision appears reasonable and strongly supported by the administrative record. First, only one doctor definitively stated that Plaintiff suffers from fibromyalgia and is unable to perform her duties, while five doctors concluded otherwise.[4] Defendant discounted this conclusion since it was based primarily on the assertions of Plaintiff herself. Second, empirical, objective evidence of Plaintiff's disability is severely lacking. Simply stated, Plaintiff's symptoms, as bothersome and burdensome as they may be, do not necessarily prove a disability to work. The strongest evidence suggesting otherwise is Plaintiff's own account of her experience. Unfortunately, the professional opinions of five doctors disagree. Third, Plaintiffs adamantly argue for reversal of the administrative decision

_____

[4] Hypothetically, even if Defendant was choosing between only two medical opinions, its decision of one over the other would not be arbitrary and capricious. After all,

> [g]enerally, when a plan administrator chooses to rely upon the medical opinion of one doctor over that of another in determining whether a claimant is entitled to ERISA benefits, the plan administrator's decision cannot be said to have been arbitrary and capricious because it would be possible to offer a reasoned explanation, based upon the evidence, for the plan administrator's decision.

*Stutler v. Unum Life Ins. Co.*, No. 08-9-JBC, 2009 WL 720921, at *7 (E.D. Ky. Mar. 16, 2009).

because both Dr. Head and Dr. Chagnon concluded that Plaintiff suffers from fibromyalgia. However, both doctors agree that Plaintiff's condition, whatever it may be, does not render her disabled. For these reasons, the Court finds the administrative decision neither arbitrary nor capricious.

The Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's Motion for Judgment on the Merits is DENIED.

IT IS FURTHER ORDERED that Defendant's request to affirm the administrative decision is SUSTAINED and Plaintiff's claims are DISMISSED.

This is a final order.

cc:     Counsel of Record